IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN JAY PRZEPIOSKI and GEORGIANNA MARIE PRZEPIOSKI,<br><br>    Plaintiffs,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers, John Jay Przepioski and Georgianna Marie Przepioski ("Plaintiffs") against Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Momentum" or "Defendant"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### THE PARTIES

1. Plaintiffs are adult individuals residing in Philadelphia, Pennsylvania.

2. Defendant is a New Jersey limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

### JURISDICTION & VENUE

3. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

5. Plaintiffs have had their wireless telephone numbers registered on the National Do Not Call Registry (the "DNC List") since 2005 (Georgianna Przepioski) and 2015 (John Przepioski) in order to prevent the receipt of unwanted telemarketing calls.

6. Once registered on the DNC List, telemarketers are required to stop placing unsolicited telemarketing calls to telephone numbers on the DNC List. 45 U.S.C. § 64.1200(c)(2).

7. The DNC List and the prohibitions on placing telephone calls to number on the DNC List apply to wireless telephone numbers. 45 U.S.C. § 64.1200(e)

8. Telemarketers further are required to maintaining their own list of persons and telephone numbers who request not to receive telemarketing calls from that entity. 45 U.S.C. § 64.1200(d).

9. Notwithstanding the above, on or about July 6, 2020, Momentum began contacting John Prezpioski by placing calls to his wireless telephone in an attempt to solicit Plaintiffs to purchase solar panels for their home.

10. Upon receiving the initial call, Mr. Przepioski advised Defendant that he was not interested in solar panels and to stop calling his telephone number.

11. Defendant, however, failed to record Plaintiff's request to discontinue telemarking calls and continued to call Mr. Prezpioski 133 times thereafter between July 6, 2020 and October 2, 2020.

12. Additionally, Defendant placed five calls to Georgianna Przepioski in on October 1, 2020.

13. In total, Plaintiffs were called 138 times by Defendant.

14. Plaintiffs have kept records of all calls received from Defendant identifying the date and time of each call. Further, the telephone numbers used to call Plaintiffs were confirmed to originate from Defendant because when the numbers are called back a Momentum representative answers the call.

15. Plaintiffs have never had any business dealings with Defendant, and have never given consent, expressly or otherwise, for their wireless telephone numbers to be called by Defendant.

16. Upon information and belief, Defendant has failed to comply with the TCPA by failing to maintain routine business practices to prevent calls to telephone numbers on the DNC List and by failing to maintain routine procedures for maintaining a list of persons who request not to receive telemarketing calls.

17. Defendant lacked any reasonable basis for making the calls to Plaintiffs and further acted in a knowing and willful manner after having been sued numerous times for violating the prohibitions on placing telemarketing calls to telephone numbers on the DNC List yet continuing to violate the TCPA by acting as it did here and with respect to other consumers.

18. As a result of Defendant's conduct, Plaintiffs have suffered concrete injuries including but not limited to an invasion of their privacy and emotional and mental pain and anguish due to the harassing nature of Defendant's conduct.

19.     At all times pertinent hereto, Defendant was acting by and through its affiliates, subsidiaries, agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

20.     At all times pertinent hereto, the conduct of Defendant, as well as that of its affiliates, subsidiaries, agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of the TCPA and the rights of Plaintiffs.

## COUNT I
## VIOLATIONS OF THE TCPA

21.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

22.     Defendant violated 45 U.S.C. § 64.1200(c)(2) by placing unwanted telemarking calls to Plaintiffs' wireless telephone numbers which were previously registered on the DNC List as stated above.

23.     Defendants further violated 45 U.S.C. § 64.1200(d) by placing unwanted telemarking calls to Plaintiffs' wireless telephone numbers after Plaintiffs' requested not to receive further telemarketing calls from Defendant as stated above.

24.     Plaintiffs have received more than one telemarketing call from Defendant within a 12 month period.

25.     The acts and/or omissions of Defendant were done unlawfully, negligently, willfully, knowingly, absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

26.     As a result of the above violations of the TCPA, Defendant is liable to Plaintiffs in the sum of Plaintiff's statutory and treble damages. 47 U.S.C. §227(3).

**PRAYER FOR RELIEF**

Plaintiffs request judgment in their favor and against Defendant for injunctive relief ordering Defendant to cease contacting Plaintiffs' wireless cellular telephone number, and damages to include statutory damages, treble damages, costs of this action and such other relief that this Court deems proper.

**JURY DEMAND**

Plaintiffs hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

**GORSKI LAW, PLLC**

BY:  /s/ Gregory Gorski
GREGORY GORSKI, ESQUIRE
1635 Market Street, Suite 1600
Philadelphia, PA 19103
(215) 330-2100

Attorneys for Plaintiff

Dated:   March 5, 2021