IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN JAY PRZEPIOSKI and GEORGIANNA MARIE PRZEPIOSKI<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR | CIVIL ACTION<br><br><br>NO. 21-1071 |
|---|---|

## MEMORANDUM RE MOTION TO DISMISS

Baylson, J.                                                                                                              August 20, 2021

### I.   Introduction

Plaintiffs John Jay Przepioski and Georgianna Marie Przepioski are consumers who bring this action against Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Momentum") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Before the Court is Momentum's Motion to Dismiss the Przepioskis' Amended Complaint. For the reasons that follow, the Court will deny Momentum's Motion to Dismiss.

### II.  Facts and Procedural History

Based on the allegations in the Przepioskis' Amended Complaint (ECF 4, Compl.), which this Court must accept as true for purposes of Momentum's Motion to Dismiss, the relevant facts are as follows. The Przepioskis' wireless telephone number has been registered on the National Do Not Call Registry (the "DNC List") since 2015. Compl. ¶ 5. The Przepioskis' explain that their phone number is a residential number used for personal purposes and has never been used for business purposes. Compl. ¶ 9–10. On July 3, 2020 at 4:59pm, the Przepioskis received a call to their wireless telephone from Momentum to solicit Plaintiffs to purchase solar panels for their home. The Przepioskis explained that they were not interested in solar panels and requested that

1

Momentum stop calling their phone number.  Compl. ¶ 12.  Momentum continued to call the Przepioskis 110 more times from July 6, 2020 to April 2, 2021.  Compl. ¶ 13–123.  The Przepioskis recorded the date, time, and phone number for each call received.  Compl. ¶ 124.  They confirmed that the calls were sales solicitations from Momentum by calling back each number which were all answered by a Momentum sales representative.  Compl. ¶ 124.

The Przepioskis' filed an Amended Complaint on May 24, 2021.  ECF 4, Compl.  The Amended Complaint alleges one count for violations of the TCPA.  See Compl.  Momentum filed the present Motion to Dismiss on June 7, 2021, the Przepioskis filed their response on July 2, 2021, and Momentum filed a Reply on July 9, 2021.  ECF 8, Def. MTD; ECF 10, Opp'n; ECF 11, Reply.  The Przepioskis filed a Motion for Leave to File a Sur-Reply on July 16, 2021.  ECF 12, Sur-reply.

**III.    Legal Standard**

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The plausibility standard is not akin to a 'probability requirement.'"  Id.  Factual allegations must be "enough to raise a right to relief above the speculative level," and a "complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678; see also Bell Atl. Corp., 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). It is Defendant's burden to show that a complaint fails to state a claim. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

IV.   **TCPA**

The TCPA was enacted to protect consumers from intrusive telemarketing calls. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012). The TCPA states that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages. 47 U.S.C. § 227(c)(5). The relevant regulation prevents telephone solicitations to residential phone numbers registered on the DNC list. 47 C.F.R. § 64.1200(c)(2). Telephone solicitation is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a). Telemarketers are also required to keep their own list of persons and telephone numbers who request not to receive telemarketing calls from them. 45 U.S.C. § 64.1200(d).

V.   **Parties' Arguments**

Momentum argues that the Przepioskis Amended Complaint should be dismissed for two reasons. First, Momentum argues that the Przepioskis did not plead sufficient facts to establish they received telemarketing calls. Second, it argues that the Przepioskis have failed to plead sufficient facts to establish that their telephone number is used for residential purposes.

VI.   **Discussion**

A Middle District of Pennsylvania case from last year brought against Momentum addressed the same arguments which Momentum raises here. See Huber v. Pro Custom Solar, LLC, No. 19-1090, 2020 WL 2525971 (M.D. Pa. May 18, 2020). In Huber, Momentum argued, as here, that the plaintiff did not adequately plead that he had received a telephone solicitation because he did "not discuss what services or goods were offered via these calls, under what terms, and at what price." Id. at *3. The plaintiff had alleged that "Momentum Solar sells and installs solar panels," "uses telemarking to promote its products," and that he "did not consent to receive" these calls. Id. The Court noted that the "complaint provides details regarding the Plaintiff's phone number, the quantity of calls received, the date and time of each of those calls, and the identification of the caller" and found that the plaintiff had "pleaded sufficient facts showing the call was a telephone solicitation as defined by the TCPA." Id. The Court further explained that "there is no precedent requiring Plaintiff to describe all of the details of the phone calls he received. In fact, notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every telephone call." Id. (quotation omitted).

Similarly, in this case, the Przepioskis described a call to their wireless telephone in which Momentum attempted to solicit them to purchase solar panels. They then noted the date and time of 110 subsequent calls and traced each one to Momentum. At this stage in the proceedings, this is sufficient for the Przepioskis to allege that they received telemarketing calls.

In Huber, Momentum also argued that the plaintiff did not adequately allege that his number was used for residential purposes. There, the plaintiff alleged that his number was "a residential telephone line" and "is not associated with a business and is for personal use." Id. at *4. The Court found that "[t]hese straightforward, unequivocal, declarative statements present allegations of fact which must be taken as true at the pleading stage" and that therefore, the plaintiff

4

had "adequately alleged that he received calls on a residential telephone line." Id. Again, the Przepioskis have made the same exact allegations in this case, and their statements are sufficient to proceed.

### VII. Conclusion

For the reasons stated above, Momentum's Motion to Dismiss is denied. An appropriate Order follows.

O:\CIVIL 21\21-1071 Przepioski v. Pro Custom Solar\21cv1071 Memorandum Re MTD.docx